UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MONTE TING HAY,

                Plaintiff,

v.

PBR SALES, LLC, et al.,

                Defendants.

No. 18-CV-5736 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Monte Ting Hay ("Plaintiff") brings this Action against Defendants and Counter Claimants PBR Sales, LLC and Pratap Sapra (collectively, "Defendants"), alleging that Defendants defaulted on two promissory notes.

On September 6, 2019, Gary M. Fellner, Esq. filed a Motion To Withdraw as Attorney for Defendants, (Dkt. Nos. 25–26), and the Court gave Defendants 30 days to find replacement counsel, instructing Defendants that corporate parties must be represented by an attorney, (Dkt. No. 28). By October 6, 2019, no new attorney had filed a notice of appearance on behalf of Defendants on the docket, and Defendants had not indicated to the Court that they intend to obtain replacement counsel. Thus, on November 5, 2019, the Court issued an Order directing Defendants to show cause, within 30 days, as to why the Court should not issue a default judgment against them. (Dkt. No. 29.) Defendants did not respond to the Order and have not otherwise communicated with the Court.

Accordingly, within 45 days of the date of this Order, Plaintiff is directed to seek a default judgment pursuant to Federal Rule of Civil Procedure 55[1] and Local Civil Rules 55.1 and 55.2.[2]

---

[1] Federal Rule of Civil Procedure 55 provides, relevant here:

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
(b) Entering a Default Judgment.
   (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk — on the plaintiff's request, with an affidavit showing the amount due — must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
   (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it needs to:
      (A) conduct an accounting;
      (B) determine the amount of damages;
      (C) establish the truth of any allegation by evidence; or
      (D) investigate any other matter.

[2] Local Civil Rule 55.1 provides that "[a] party applying for entry of default under Fed. R. Civ. P. 55(a) shall file: (a) a request for a Clerk's Certificate of Default; and (b) an affidavit demonstrating that: (1) the party against whom a notation of default is sought is not an infant, in the military, or an incompetent person; (2) the party has failed to plead or otherwise defend the action; and (3) the pleading to which no response has been made was properly served." It further provides that "[a] proposed Clerk's Certificate of Default form must be attached to the affidavit." *Id.*

Local Civil Rule 55.2 provides:

(a) By the Clerk. Upon issuance of a Clerk's certificate of default, if the claim to which no response has been made only sought payment of a sum certain, and does not include a request for attorney's fees or other substantive relief, and if

2

If Plaintiff fails to seek a default judgment, the Action may be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).[3]

The Clerk of Court is directed to mail a copy of this Order to Defendants at the below addresses, as listed on the summons. (Dkt. Nos. 16–17.)

PBR Sales, LLC
2 Westchester Park Drive
White Plains, New York 10604

Pratap Sapra
22 Stony Hollow Road
Chappaqua, New York 10514

SO ORDERED.

DATED: December 18, 2019
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

a default judgment is sought against all remaining parties to the action, the moving party shall submit an affidavit showing the principal amount due and owing, not exceeding the amount sought in the claim to which no response has been made, plus interest, if any, computed by the party, with credit for all payments received to date clearly set forth, and costs, if any, pursuant to 28 U.S.C. § 1920.
- (b) By the Court. In all other cases the party seeking a judgment by default shall apply to the Court as described in Fed. R. Civ. P. 55(b)(2), and shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment.
- (c) Mailing of Papers. Unless otherwise ordered by the Court, all papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b) above shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual). Proof of such mailing shall be filed with the Court. If the mailing is returned, a supplemental affidavit shall be filed with the Court setting forth that fact, together with the reason provided for return, if any.

[3] Rule 41(b) provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

3