UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MONTE TING HAY,

                              Plaintiff,

        v.

PBR SALES, LLC, *et al.*,

                              Defendants.

No. 18-CV-5736 (KMK)

<u>ORDER</u>

KENNETH M. KARAS, United States District Judge:

On September 6, 2019, Gary M. Fellner, Esq., filed a Motion To Withdraw as Attorney
for Defendants, (Dkt. Nos. 25–26), and the Court gave Defendants 30 days to find a replacement
counsel, instructing Defendants that corporate parties must be represented by an attorney, (Dkt.
No. 28).  By October 6, 2019, no new attorney had filed a notice of appearance on behalf of
Defendants on the docket, and Defendants had not indicated to the Court that they intended to
obtain replacement counsel.  Thus, on November 5, 2019, the Court issued an Order directing
Defendants to show cause, within 30 days, as to why the Court should not issue a default
judgment against them.  (Dkt. No. 29.)  Defendants failed to respond, and on December 18,
2019, the Court issued an Order directing Plaintiff to seek a default judgment pursuant to Federal
Rule of Civil Procedure 55 and Local Civil Rules 55.1 and 55.2 within 45 days of the Order.
(Dkt. No. 30.)  Plaintiff subsequently requested an extension to seek a default judgment, which
the Court granted.  (Dkt. Nos. 31–32.)

On February 11, 2020, Plaintiff applied for a Certificate of Default from the Clerk of
Court, which the Clerk of Court subsequently issued.  (*See* Dkt. Nos. 35–36.)  On February 18,
2020, Plaintiff filed an Affidavit and certain accompanying documents seeking an entry of

default.  (*See* Dkt. Nos. 37–38.)  On April 1, 2020, the Court informed Plaintiff that several documents were missing from the filing, pursuant to the Court's Individual Rules.  (Dkt. No. 39; *see also* The Honorable Kenneth M. Karas's Individual Rules of Practice for Default Judgment Proceedings, dated August 14, 2019.)  The Court directed Plaintiff to file all necessary materials within 30 days of the date of the Order.  (Dkt. No. 39.)  After receiving an extension from the Court, (Dkt. No. 41), Plaintiff filed additional materials on May 9, 2020, (Dkt. Nos. 46, 49–50, 51–53).

The Court has reviewed the additional documents filed by Plaintiff, and several questions remain.  Plaintiff seeks a judgment in the amount of $2,413,794.29, which Counsel for Plaintiff represents is comprised of amounts owed under two promissory notes (the "2016 Note" and the "2017 Note"; collectively, the "Notes").  (Aff. of Harold R. Burke, Esq. in Supp. of Mot. for Default J. ("Burke Aff.") ¶¶ 20–21 (Dkt. No. 50).)  Counsel represents that for the 2016 Note, which was dated July 19, 2016, the outstanding principal sum of $400,000 is owed, along with interest at 15 percent per annum through April 19, 2017, with default interest at 19 percent per annum after that.  (*Id.* ¶¶ 4, 20.)  The last payment made on the 2016 Note was in March 2017.  (*Id.* ¶ 4.)  Thus, according to Plaintiff's calculations, a total of $436,783.33 is owed on the 2016 Note as of the date of Counsel's Affidavit.  (*Id.* ¶ 20.)  For the 2017 Note, which was dated March 3, 2017, Counsel for Plaintiff explains that the Note was assigned to Plaintiff on June 12, 2018, and that no principal or interest has been paid.  (*Id.* ¶ 4.)  Thus, the entire principal sum of $1,000,000 is owed, along with interest of 24 percent per annum, which, according to Plaintiff, totaled $1,764,054.79 as of May 8, 2020.  (*Id.* ¶ 20.)

In order to support these calculations, Plaintiff's Counsel has submitted both Notes, the Assignment of the 2017 Note to Plaintiff, and two spreadsheets that purportedly set forth the

amount due under each Note.  (Burke Aff. Ex. B ("2016 Note"); Burke Aff. Ex. C ("2017 Note"); Burke Aff. Ex. D ("Assignment of 2017 Note"); Burke Aff. Ex. E ("2016 Note Spreadsheet"); Burke Aff. Ex. F ("2017 Note Spreadsheet") (Dkt. No. 50-1).)  With respect to the 2016 Note, Counsel represents that "[D]efendants *jointly* borrowed the principal sum of $400,000 from the [P]laintiff."  (Burke Aff. ¶ 4 (emphasis added).)  However, although the 2016 Note was signed by both Defendants, the Note appears to specify that it is between only Defendant Pratap Sapra ("Sapra") and Plaintiff.  (2016 Note 1 ("Sapra, an individual[,] . . . (the 'Maker'), promise[s] to pay Mr. Monte Ting Hay . . . the principal sum of [$400,000.00].").)[1] Plaintiff should explain this discrepancy.

Further, the Court notes that several calculations on the spreadsheet for the 2016 Note are insufficiently explained in Counsel's Affidavit.  First, it appears that on August 19, 2016 and November 19, 2016, late fees were assessed for failure to pay the monthly interest owed on the Note, (*see* 2016 Note Spreadsheet 1); however, Counsel's Affidavit offers no explanation or verification of these late fees and failed payments, stating only that Defendants ceased monthly payments on the 2016 Note after March 2017, (Burke Aff. ¶ 4).  Second, on April 19, 2017, a higher default interest rate of 19 percent is charged on the 2016 Note, as indicated by the spreadsheet and Counsel's Affidavit.  (2016 Note Spreadsheet 1.)  However, Counsel has provided no explanation as to why this higher default interest rate applied prior to July 19, 2017, the maturity date for the 2016 Note.  (*See* Burke Aff. ¶¶ 4, 20.)  Additionally, Counsel has

---

[1] The 2016 Note does later state that "[e]ach person constituting Maker shall be jointly and severally liable for any and all payments required to be made by Maker under the terms of this Note," and indicates on the signature page that the "Maker has executed this Note," which is then signed by both Sapra and Sapra on behalf of Defendant PBR Sales LLC ("PBR Sales"). (2016 Note 3, 5.)  However, it is unclear to the Court why PBR Sales is not defined as a "Maker" in the first paragraph.

inadequately explained why an inquest to determine the exact amount owed under the Notes would not be appropriate here, stating only that such a hearing is "discretionary" and citing precedent from outside of the Second Circuit.  (*See id.* ¶ 23.)

Finally, Counsel for Plaintiff has insufficiently justified his request for attorney's fees. Counsel represents that his ordinary billing rate is $400 per hour, and for this Action, he "agreed to accept $300 per hour as an accommodation."  (Aff. of Harold R. Burke, Esq. in Supp. of Mot. for Attorney's Fees ("Burke Attorney's Fees Aff.") ¶ 6 (Dkt. No. 53).)  However, Counsel then states that "[o]n account of [his] experience, years of practice, and commensurate with rates for similarly situated attorneys in the Westchester-Fairfield County region," he requests an award of $425 per hour.  (*Id.* ¶ 7.)  Given that Counsel is seeking fees at a rate higher than his rate for this Action and, indeed, higher than his "ordinary billing rate," (*id.* ¶ 6), he must submit a more detailed justification for this request that includes, for example, an explanation for why a higher rate for this specific Action is warranted, and evidence of "rates for similarly situated attorneys" in his region, (*id.* ¶ 7).

Thus, before the Court will move forward, Plaintiff must clarify the above discrepancies with the 2016 Note and damages calculations, provide further support and explanation for why an inquest is not appropriate, and further justify or revise the current request for attorneys' fees. Plaintiff shall file such clarification within 30 days of the date of this Order.

SO ORDERED.

Dated:    May 15, 2020
          White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE