UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MONTE TING HAY,

                Plaintiff,

      v.

PBR SALES, LLC., *et al.*,

                Defendants.

No. 18-CV-5736 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

Plaintiff filed this Action on June 27, 2018. (Compl. (Dkt. No. 7).)[1] Two days later, Plaintiff filed an amended complaint. (Am. Compl. ("AC") (Dkt. No. 13).) On September 17, 2018, attorney Russell Louis Porter made an appearance on behalf of Defendants PBR Sales, LLC, and Pratap Sapra. (*See* Dkt. No. 20.) However, the docket sheet lists incorrect information for Mr. Porter, and he has not subsequently appeared before the Court in any material way. Defendants' other attorney, Mr. Fellner, filed an Answer to the AC as well as counterclaims against Plaintiff on Defendants' behalf on the same day. (*See* Dkt. No. 22.) Subsequently, Plaintiff filed an Answer to the counterclaims on October 22, 2018. (Dkt. No. 23.) The Court then held an initial conference on January 17, 2019, in which "[t]he Parties agreed to follow up with the Court in one week regarding whether to refer the case to mediation." (Dkt. (minute entry for Jan. 17, 2019).) The Parties failed to do so. Instead, the next development in this case was Mr. Fellner's motion in September 2019 to withdraw, which the Court granted. (*See* Dkt. Nos. 25–28.)

---

[1] Plaintiff first tried to file this action on June 25, 2018, but filing errors prevented that from occurring. (*See* Dkt. Nos. 1–2.)

Following Mr. Fellner's withdrawal, Defendants were ordered to secure counsel within 30 days of September 10, 2019, as corporate parties must be represented by an attorney. (*See* Dkt. No. 28.) On November 5, 2019, the Court issued an Order to Show Cause as to why a default judgment should not be entered in Plaintiff's favor. (*See* Dkt. No. 29.) Having failed to do so, the Court issued an Order on December 18, 2019, directing Plaintiff to seek a default judgment within 30 days. (*See* Dkt. No. 30.)

Plaintiff requested, and then received, an extension of time to file a motion for default judgment to do so by February 14, 2020. (*See* Dkt. Nos. 31, 32.) Within days of this deadline, Plaintiff secured some—but not all—of the necessary materials for a default judgment. (*See* Dkt. Nos. 33–38.) On April 1, 2020, in light of Plaintiff's failure to secure all of the necessary materials, the Court ordered Plaintiff to file the remaining requisite materials for a default judgment within 30 days. (*See* Dkt. No. 39.) Once again, Plaintiff requested, and the Court granted, an extension to secure the remaining materials. (*See* Dkt. Nos. 40, 41.) Subsequently, Plaintiff filed the necessary materials. (*See* Dkt. Nos. 42–53.)

On May 15, 2020, the Court issued an Order instructing Plaintiff to explain multiple discrepancies in the papers filed within thirty days. (*See* Dkt. No. 54.) Having failed to do so, the Court issued yet another Order on September 14, 2020, directing Plaintiff to file the clarification requested, otherwise the Court could dismiss the case. (*See* Dkt. No. 55.)

At Plaintiff's request, the Court held a status conference on December 3, 2020, regarding the clarifications at issue. (*See* Dkt. (minute entry of Dec. 3, 2020).) Following several attempts, Marcellous McZeal was granted the right to appear pro hac vice on behalf of Defendant PBR Sales, LLC. (*See* Dkt. Nos. 67–70, 72, 75.) Less than two weeks after granting his admission, however, Mr. McZeal moved to withdraw. (*See* Dkt. No. 76.) Following its status conference on

April 7, 2021, (*see* Dkt. (minute entry for Apr. 7, 2021)), the Court granted Mr. McZeal's motion to withdraw as counsel on April 12, 2021, (*see* Dkt. No. 80). Curiously, Mr. McZeal nonetheless submitted a discovery plan on July 13, 2021, which the Court adopted the following day. (*See* Dkt. Nos. 84, 85.)

On January 13, 2022, the Parties appeared before the Court to discuss the status of the Action. (*See* Dkt. (minute entry of Jan. 13, 2022).) Once again, Mr. McZeal—who had not filed another Notice of Appearance on Defendants' behalf—appeared on Defendants' behalf. (*See id.*)

In addition to that status conference, the next day, Magistrate Judge McCarthy issued a scheduling order for the Parties to appear before her on January 19, 2022. (*See* Dkt. No. 88.) The Parties failed to show up. (*See* Dkt. No. 90.) Judge McCarthy then ordered the Parties to submit a letter within two days explaining their failure to attend the conference. (*See id.*) Mr. McZeal—who, again, had withdrawn as Defendants' Counsel without filing another Notice of Appearance—filed the letter in response to Judge McCarthy's order, explaining that he failed to receive the ECF notification. (*See* Letter from Marcellous McZeal to Hon. Judge Judith McCarthy, Dated Jan. 21, 2022, at 1–2 (Dkt. No. 91).) Mr. McZeal states: "It is unclear why the Orders were not sent to me via ECF or email." (*Id.* at 2.) In fact, that is no mystery; Mr. McZeal's withdrawal terminated all automatic ECF notifications absent filing another Notice of Appearance.

During the rescheduled proceedings before Judge McCarthy on February 4, 2022, the Parties scheduled another conference for March 14, 2022, at 10:00 a.m. (*See* Dkt. (minute entry for Feb. 4, 2022).) Yet again, counsel for Defendants failed to appear at the March 14 conference. (*See* Dkt. (minute entry for Mar. 14, 2022).) Notwithstanding this second failure, the Parties, pursuant to Judge McCarthy's order, submitted a letter noting that discovery had

3

been concluded. (*See* Dkt. Nos. 92–93.) Accordingly, the referral to Judge McCarthy was concluded.

On January 13, 2022, when the Parties participated in their most recent status conference with this Court, a status conference was scheduled for April 27, 2022. (*See* Dkt. (minute entry for Jan. 13, 2022).) Both Parties failed to appear before the Court. In response to this unexplained absence, the Court issued an Order to Show Cause on April 27, 2022, ordering Plaintiff to "show cause, by no later than May 4, 2022, as to why this case should not be dismissed for failure to prosecute." (Apr. 2022 OSC 4.) More than three weeks after the Court's deadline, on Thursday, May 26, 2022, Plaintiff attempted to call the Court *ex parte*. On Tuesday, May 31, 2022, Chambers staff called Plaintiff and left a message at approximately 8:03 a.m. To date, Plaintiff has failed to return the Court's call. In short, it remains the case that "[t]he Court has made every effort to accommodate the Parties"—especially Plaintiff—"and they have failed . . . to materially move this case forward in a reasonable time period." (*Id.*)

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *Id*. Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See Armstrong v. Guccione*, 470 F.3d 89, 103 n.1 (2d Cir. 2006) (noting that "a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute" (italics omitted) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 630–32 (1962)); *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (observing that a district court may "dismiss actions based on a plaintiff's failure to

4

prosecute" on an involuntary basis where there exist "three terms to elapse without moving forward," as such dismissals are "an important tool for preventing undue delays and avoiding docket congestion"); *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Wood v. City of N.Y.*, No. 05-CV-2894, 2007 WL 2049686, at *1 (S.D.N.Y. July 13, 2007) (alterations in original) (quotation marks omitted) (quoting *LeSane*, 239 F.3d at 209); *see also Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (same). No single factor is dispositive. *See Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). The Court concludes that these factors weigh in favor of dismissal of Plaintiff's case with prejudice.

First, the delays of only several months, i.e. since the completion of discovery, "is not necessarily a delay of 'significant duration.'" *Kent v. Scamardella*, No. 07-CV-844, 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) (quoting *Shannon v. Gen Elec. Co.*, 186 F.3d 186, 193–

94 (2d Cir. 1999)).  Nonetheless, "the delay here has functioned as a complete block to moving this litigation forward, despite the efforts of . . . the Court to do so." *Id.*  Relatedly, Plaintiff—as well as Defendants, frankly—failed to adhere to two Orders issued by Magistrate Judge McCarthy to attend phone conferences regarding the case, (*see* April 2022 Order to Show Cause ("Apr. 2022 OSC") 3 (Dkt. No. 95)); so, too, did Plaintiff fail to adhere to multiple orders of this Court by failing to attend a conference and by failing to respond to various orders, (*see id.*)  Moreover, these multiple failures occurred over the course of many months, meaning that while Plaintiff's most recent failure was not months-long, Plaintiff's collective failure to comply with multiple orders adds to the overall duration of Plaintiff's delay.  Accordingly, this factor favors dismissal.

Second, Plaintiff cannot be said to be unaware that further delay would result in dismissal.  Plaintiff received multiple orders at multiple junctures in this Action informing her that a failure to adhere to the Court's orders and prosecute the case could result in dismissal.  (*See* Dkt. No. 55; Apr. 2022 OSC.)  As the Court wrote in its April 2022 Order to Show Cause, "[t]he Court *will* dismiss this case *with* prejudice without further notice in the event that good cause is not shown."  (Apr. 2022 OSC 4 (emphasis in original).)  To suggest she was unaware of the consequences of her actions would simply be incorrect.  Accordingly, this factor militates strongly in favor of dismissal with prejudice, per the Court's overt warning.

Third, the Second Circuit has expressly held that "prejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993); *see also Kent*, 2007 WL 3085438, at *3 ("[I]t can be assumed that unreasonable delay is prejudicial to defendants.").  Given that Plaintiff has once again failed to respond to the Court's most recent outreach, Plaintiff's actions "implicitly suggests that [s]he has no interest in

6

seeking the relief requested in [her] complaint." *Miller v. County of Nassau*, No. 12-CV-4466, 2017 WL 8813130, at *4 (E.D.N.Y. May 5, 2017) (quoting *Deptola v. Doe*, No. 04-CV-1379, 2005 WL 2483341, at *2 (E.D.N.Y. Oct. 7, 2005)), *report and recommendation adopted sub nom. Colon v. County of Nassau*, No. 12-CV-4466, 2018 WL 882030 (E.D.N.Y. Feb. 14, 2018).

Fourth, the Court is confident that it has balanced the competing aims of "calendar congestion . . . against [P]laintiff's right to an opportunity for a day in court." *Ruzsa v. Rubenstein & Sendy Attys. at Law*, 520 F.3d 176, 177 (2d Cir. 2008). This case has proceeded for just shy of four full years and seen its share of peaks and valleys. Indeed, but for Plaintiff's failure to file paperwork correctly or accurately, the Court was close to issuing a default judgment in Plaintiff's favor. (*See* Dkt. Nos. 29–65.) It must be said, therefore, that "Plaintiff has had 'ample time to inform the Court that [s]he stood ready to press [her] claim' but has not done so." *Melendez v. City of New York*, No. 12-CV-9241, 2014 WL 6865697, at *3 (S.D.N.Y. Dec. 4, 2014) (quoting *Ruzsa*, 520 F.3d at 177–78). This factor, too, favors dismissal.

Finally, "'[t]aking into consideration the full history of this action,' and [Plaintiff's] record of non-compliance with [orders issued] by another judge in this district [as well as those of this Court], the Court finds that no sanction short of dismissal with prejudice would prove effective." *Lehman v. Garfinkle*, No. 08-CV-9385, 2013 WL 5637700, at *4 (S.D.N.Y. Oct. 16, 2013) (quoting *Kent v. Scamardella*, No. 07-CV-844, 2007 WL 3085438, at *3 (S.D.N.Y. Oct. 18, 2007)). Accordingly, Plaintiff's case is dismissed with prejudice for failure to prosecute. *See Teleshop Inc. v. Imp. Specialties Inc.*, No. 19-CV-3982, 2021 WL 3629637, at *1 (E.D.N.Y. Aug. 16, 2021) (adopting report and recommendation to dismiss the action, sua sponte, with prejudice for sake of failure to prosecute pursuant to Rule 41(b)); *Melendez v. City of New York*, No. 12-CV-9241, 2014 WL 6865697, at *3 (S.D.N.Y. Dec. 4, 2014) (dismissing an action with prejudice

for sake of failure to prosecute, including failure to serve notice); *Lehman*, 2013 WL 5637700, at *4; *Kent*, 2007 WL 3085438, at *3; *cf. Link*, 370 U.S. at 629–30 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

SO ORDERED.

Dated: June 2, 2022
       White Plains, New York

KENNETH M. KARAS
United States District Judge